# W. R. DUNHAM, Appellant, v. W. J. SCAFE, Respondent.

Springfield Court of Appeals, January 1, 1921.

1. **SALES: Misrepresentation as to Worth of Promissory Notes Held Ground for Rescission.** Where purchaser of automobile gave in payment therefor notes of third persons, indorsed without recourse, bringing about the sale by grossly misrepresenting the solvency of the makers of the notes and the value of the security with each note, seller was entitled to give back the notes and recover the automobile.

2. **APPEAL AND ERROR: Verdict Supported by Evidence not Disturbed.** The jury is the final judge of the facts where there is substantial evidence to support the verdict, and an appellate court, in the absence of prejudicial error, will not and should not interfere.

Appeal from Jasper County Circuit Court.—*Hon. Grant Emerson,* Judge.

AFFIRMED.

*H. H. Booth, Roy Coyne,* and *W. R. Shuck* for appellant.

(1) In the case of O. C. Cline, respondent, v. D. W. Mock and H. L. Knight, appellants, Kansas City Court of Appeals, 150th, at page 431, Syllabi 1: "Implied Warranty"—Seller's Knowledge of Buyer's Purpose—Hidden Defects.—Where the seller knew before the sale, the special use to which the buyer intended to put the article sold, an implied warranty arose on the part of the seller that the article was free from hidden defects which would impair its usefulness for such purpose. The seller's lack of knowledge of such defect will not relieve him of liability. On page 435, same case, the court says: The court tried the case upon the theory

that if before a sale, the buyer discloses to the seller his intention to purchase the article for special use, the latter in making the sale at a sound price, agrees by implication that the article is free from hidden defects that would impair its usefulness for such purpose; and that the seller's want of knowledge of such defect will not relieve him, for his liability as a warrantor infixes the contract of sale by his assurance, express or implied, that the article is suitable for the purpose of its intended use.

*Owen & Davis* for respondent.

(1) The appeal should be dismissed under the authority of the following cases: Frick v. Millers Nat. Ins. Co., 213 S. W. 854; Waller v. Robinson Transfer Co., 214 S. W. 267; Robinson v. Slater, 209 S. W. 557; Nelson v. Cowels, 193 S. W. 579; Sullivan v. Holbrook, 211 Mo. 99. (2) The merits of a case cannot be reviewed on appeal, unless the motion for new trial is set forth or called for in the Bill of Exceptions, and unless the abstract of the Bill of Exceptions reveals the fact that an execution was preserved in the Bill of Exceptions to the overruling of the motion for new trial. Smith v. Hartford Fire Ins. Co., 211 S. W. 910; State, ex rel. v. Morgan, 260 Mo. 265, 270. Anderson v. Gravel Co., 208 S. W. 632; Perry v. Stephens, 159 Mo. App. 690; Serrane v. Railroad, 150 Mo. App. 607; Wilbrant v. Gas Light Co., 135 Mo. App. 220; Hays v. Foss, 223 Mo. 421, 190 S. W. 88.

BRADLEY, J.—Plaintiff proceeded in replevin to recover the possession of an automobile alleged to be of the value of $1750. The issues were submitted to a jury, and verdict returned for defendant. Plaintiff filed motion for a new trial, but this was overruled, and he brings the cause to this court by appeal.

The petition and affidavit are in the usual form, the defendant in his answer pleaded ownership of the automo-

bile.  Plaintiff was a dealer in automobiles in Webb City and defendant lived in Joplin.  Plaintiff sold defendant an automobile and took in payment three notes and some oil stock, and a small check.  The three notes aggregating $1652.50 were given by farmers in McDonald county and were payable to defendant.  When plaintiff and defendant consummated the deal on the automobile defendant endorsed the notes without recourse and delivered them to plaintiff.  The notes were given in September and October, 1918, and each was due one year after date and bore 8 per cent interest.  The transaction by which plaintiff became possessed of the notes, and defendant the car, was in March, 1919.  The next day or shortly after plaintiff delivered the automobile to defendant, he, plaintiff, accompanied by his banker and another, went to McDonald county to see about the value of the notes.  He ascertained that the notes were perhaps valueless, and on his return he tendered back the notes and other things received from defendant in payment for the automobile, and demanded the return of the automobile.  Defendant refused to return the automobile and plaintiff proceeded in replevin, and obtained possession under the writ.  The jury fixed the value of the automobile at $1750, and defendant's damages at one dollar.

Plaintiff relied upon alleged misrepresentations by defendant as to the solvency of the makers of the notes, and the value of the security with each note.  The notes were given by farmers in the purchase of sheep from defendant.  Each note was signed by the individual giving it, and a mortgage was given with each note on the sheep purchased and their increase, and also on some other personal property.  The sheep had practically all died at the time plaintiff took the notes, and the other security was practically valuless because of prior incumbrances.  The makers had but little, if anything, above exemptions.  If defendant made the representations as testified to by plaintiff, then he should prevail.  There are many circumstances in addition to much

direct evidence that defendant grossly misrepresented the solvency of the individual makers of the notes and the value of the security with each note, but defendant gave positive and direct evidence to the contrary. The jury is the final judge of the facts where there is substantial evidence to support the verdict, and an appellate court in the absence of prejudicial error will not and should not interfere. Authorities to this effect are legion, and courts no longer lengthen opinions by citing authorities to support such well known rules of law. Plaintiff got all that was coming to him in the instruction and he makes no complaint about instructions in his brief, and only in a general manner in his motion for new trial. Plaintiff confines his brief to an argument which would be more appropriate if addressed to a jury. Plaintiff's abstract is defective and there are no assignments in accordance with our rules, and defendant challenges the sufficiency of both the abstract and brief. But in view of our conclusion on the merits, it is not necessary to determine the questions raised concerning the abstract and brief. The judgment below is affirmed.

*Sturgis, P. J.*, and *Farrington, J.*, concur.